UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

In Re: EDWARD E. GILLEN CO.,
*In the matter of the complaint of, as owner*
*pro hac vice of the M/V P-T II, Her Engines,*
*Tackle, Appurtenances, Furniture, etc., praying*
*for Exoneration from or Limitation of Liability*

       Plaintiff,                                       Case No. 09-CV-114
and

EDWARD GRENIER and
CASE FOUNDATION COMPANY,

       Claimants.

---

EDWARD GRENIER,

       Plaintiff,
  v.

CASE FOUNDATION COMPANY,                Case No. 09-CV-115

       Defendant and Third Party Plaintiff
  v.

EDWARD E. GILLEN CO.,

       Third Party Defendant.
_____

# ORDER

This case arises out of an accident on a vessel on Lake Michigan. In the second of two consolidated actions, the plaintiff, Edward Grenier ("Mr. Grenier"), brought suit under the Jones Act, 46 U.S.C. § 688, claiming personal injuries. On June 30, 2010, Zurich American Insurance Company ("Zurich") filed this Motion to Intervene (Docket #94). Zurich was the Worker's Compensation Carrier for Mr.

Grenier's employer, Case Foundation Company, and paid out benefits to Mr. Grenier for the injuries sustained in the accident. Zurich moves the court to intervene because it seeks reimbursement from the responsible party of the amounts it paid to Mr. Grenier pursuant to Wis. Stat. § 102.29. (Mot. to Intervene 2) (Docket #94).

## DISCUSSION

Zurich is entitled to intervention in this case under Federal Rule of Civil Procedure 24(a)(2). According to this rule, intervention must be permitted upon timely application where a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). No final determinations or conclusive resolutions have been reached in this case and, thus, the court finds the motion timely. Zurich has an interest in the action because it seeks reimbursement of amounts paid to Mr. Grenier from the responsible party pursuant to Wis. Stat. § 102.29. (Mot. to Intervene 2) (Docket #94). Further, disposition without Zurich may impair its ability to protect its interest, and no other party in the action will protect Zurich's interest if a dispute arises between it and Mr. Grenier. Thus, the court must grant the motion as to intervention.

Moreover, no party filed a memorandum in opposition to Zurich's Motion to Intervene. According to the court's local rules, the "failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion." Civil L.R. 7(d). Therefore, not only is Zurich entitled to intervention as of right, but the failure

of all parties to the action to oppose the motion accords the court sufficient cause to grant Zurich's Motion to Intervene.

Accordingly,

**IT IS ORDERED** that the movant's Motion to Intervene (Docket #94) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge