UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

In Re: EDWARD E. GILLEN CO.,
*In the matter of the complaint of, as owner
pro hac vice of the M/V P-T II, Her Engines,
Tackle, Appurtenances, Furniture, etc., praying
for Exoneration from or Limitation of Liability*

       Plaintiff,                            Case No. 09-CV-114

and

EDWARD GRENIER and
CASE FOUNDATION COMPANY,

       Claimants.

———

EDWARD GRENIER,

       Plaintiff,

and

ZURICH AMERICAN INSURANCE COMPANY,

       Intervening Plaintiff,
    v.

CASE FOUNDATION COMPANY,                Case No. 09-CV-115

       Defendant and Third Party Plaintiff
    v.

EDWARD E. GILLEN CO.,

       Third Party Defendant.
_____

## ORDER

This case arises out of an accident on a vessel on Lake Michigan. Before the court is claimant and consolidated plaintiff Edward Grenier's ("Grenier") Motion to

Dissolve the Injunction Against Prosecution of Other Claims and to Abstain Pending State Court Determination of Liability and Damages. (Docket #97). Before ruling on the present motion, the court will first discuss the factual and procedural background animating this dispute.

## BACKGROUND

This case arises out of an injury that Grenier claims he sustained on September 16, 2005, while on board the M/V P-T II, a boat owned by claimant-defendant-third party plaintiff Case Foundation Company ("Case") and operated by employees of the limitation plaintiff-third party defendant, Edward E. Gillen Co. ("Gillen Co."). As of the date of the incident, Grenier was employed by Case as a crane operator working on board a mobile crane barge that was positioned in Lake Michigan. Plaintiff claims he was injured as he was tossed about during inclement weather while riding aboard the M/V P-T II, which was transporting him from shore to the crane barge at the start of his work day.

Over two years after the incident, in October of 2007, Grenier's attorneys sent Gillen Co. a written Notice of Claim asserting that Grenier had been seriously injured on September 16, 2005, during his transport on the M/V P-T II as a result of rough seas, that Grenier had already incurred more than $100,000 in medical expenses, and that Gillen Co. was responsible for such injuries and damages. After receiving this written Notice of Claim, Gillen Co. filed a limitation action on April 17, 2008, in the United States District Court for the Northern District of Illinois Eastern Division,

seeking to exonerate or limit its liability, as owner *pro hac vice* of the M/V P-T II, to the value of the vessel and any pending freight. (Gillen Co. Limitation Compl. ¶ 20). Gillen Co. also asked to have all claims concerning the incident determined in a single proceeding before the district court, sitting in Admiralty, and requested an order enjoining the prosecution of any claims outside the concursus[1] proceeding. (*Id.* ¶ 26). On May 29, 2008, the district court entered an order enjoining further prosecution of any action against the shipowner in any jurisdiction and admonished all claimants to present their claims against Gillen Co. in the district court. (Docket #24). In this order, the court also approved Gillen Co.'s affidavit of value, demonstrating that the fair market value of the vessel was approximately $75,000. (*Id.*). Grenier filed an answer to the limitation complaint and a claim of damages for injury on July 28, 2008. (Docket #30). Case filed an answer to the limitation complaint on December 18, 2008, as well as a claim against Gillen Co. for contribution and/or indemnification. (Docket #63).

Meanwhile, Grenier had filed a separate action on September 15, 2008, against Case in the United States District Court for the Northern District of Illinois Eastern Division, alleging maritime causes of action as a "seaman" for negligence under the Jones Act, 46 U.S.C. § 688, for vessel unseaworthiness, and for maintenance and cure. (Compl. ¶ 2, Case No. 09-CV-115). Because this action was

---

[1] A concursus is the proceeding before the admiralty court in which all competing claims must be litigated.

not filed against the limitation plaintiff, Gillen Co., it was not enjoined by the district court's prior order. Grenier's pleading contains a demand for a jury trial.

Case answered the complaint but also filed a third party complaint against Gillen Co. for contribution on November 5, 2008. (Docket #22, Case No. 09-CV-115). It appears that this third party complaint may have been improperly filed in light of the court's previous entry of the injunction in the limitation action. Recognizing such a possibility, on December 31, 2008, Gillen Co. filed a motion to dismiss or, in the alternative, to enjoin the third party complaint. (Docket #27, Case No. 09-CV-115). This motion was fully briefed, but it is unclear if the motion was ever disposed of by the district court in the Northern District of Illinois Eastern Division. The docket report does not indicate that the motion is currently pending, however, this court has been unable to find a written record of the motion's disposition. On January 30, 2009, upon motion by Grenier, the action filed by Grenier against Case alleging maritime causes of action and a Jones Act violation (Case No. 09-CV-115) was consolidated with the limitation action (Case No. 09-CV-114). On February 4, 2009, upon motion by Gillen Co., the consolidated actions were transferred to the United States District Court for the Eastern District of Wisconsin. Claimant Grenier has now requested an order dissolving the injunction against prosecution of other claims, with the apparent intention of filling a state court action, presumably against Gillen Co., on the question of liability and damages.

## DISCUSSION

In this action, Gillen Co. seeks to limit its liability for the accident on the basis of the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*, ("Limitation Act"),[2] which confers upon a shipowner, when loss or damage occurs without its privity or knowledge, the right to limit its liability to the value of its interest in the vessel and the vessel's pending freight. The procedure for a limitation action is defined in the Federal Rules of Civil Procedure, Supplemental Admiralty and Maritime Claims Rule F. First, the shipowner may petition the district court for limitation of liability, which must be done "not later than six months after receipt of a claim in writing." Fed.R.Civ.P. Supp. R. F(1).[3] Once properly filed, the district court retains exclusive jurisdiction over the matter and all claims against the shipowner must cease. *American River Transp. Co. v. Ryan*, 579 F.3d 820, 822 (7th Cir. 2009) (citing 46 U.S.C. § 30511(c)). If the shipowner requests it, as was done here, the district court may enjoin other proceedings against it. Fed.R.Civ.P. Supp. R. F(3). The district court then notifies all potential claimants to file their claims within a specified period of time. Fed.R.Civ.P. Supp. R. F(4). The court then tries the case and makes a determination as to all matters on the merits in a proceeding known as concursus.

---

[2]The purpose of the Limitation Act is to protect maritime commerce and encourage the development of an American merchant fleet. *See, e.g., Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 414, 74 S.Ct. 608, 610, 98 L.Ed. 806 (1954); *American Car & Foundry Co. v. Brassert*, 289 U.S. 261, 263, 53 S.Ct. 618, 77 L.Ed. 1162 (1933); *Great Lakes Dredge & Dock Co. v. Lynch,* 173 F.2d 281 (6th Cir. 1949).

[3]The parties do not dispute that Gillen Co.'s limitation complaint was timely filed. Indeed, it appears that Gillen Co. filed this action with only a few days to spare under the six month statute of limitations period.

*In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988).[4]

However, the Limitation Act's vestment of exclusive jurisdiction to the federal courts pursuant to their admiralty jurisdiction under 28 U.S.C. § 1333(1), inherently conflicts with the "saving to suitors" clause of 28 U.S.C. § 1333(1), which excepts from the district courts' exclusive jurisdiction over admiralty matters the right of suitors to seek "all other remedies to which they are otherwise entitled." These remedies include the right to select a forum and the right to demand a jury trial. *American River Transp. Co. v. Ryan*, 579 F.3d at 825. Thus, the conflict is significant because claimants have no right to a jury trial in admiralty actions and, therefore, if they are forced to proceed in admiralty court under the Limitation Act, they may lose their right to pursue common law remedies before a jury. *Complaint of McCarthy Bros. Company/Clark Bridge*, 83 F.3d 821, 827 (7th Cir. 1996) (citing *Waring v. Clarke*, 46 U.S. (5 How.) 441, 458-60, 12 L.Ed. 226).

The Supreme Court and the Seventh Circuit recognize two situations in which a district court should dissolve a Limitation Act injunction and allow a state court action to proceed: (1) the "single claimant" exception; and (2) the "adequate fund" exception. *See Lake Tankers Corp. v. Henn*, 354 U.S. 147, 154, 77 S.Ct. 1269, 1 L.E.2d 1246 (1957); *Langnes v. Green*, 282 U.S. 531, 541, 51 S.Ct. 243, 75 L.Ed.

---

[4]The purpose of the concursus "is to provide for a marshaling of assets and for a setting of priorities among claims where the asserted claims exceed the value of the vessel and its freight." *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 642 (6th Cir. 1982).

520 (1931); *see also In re Illinois Marine Towing, Inc.*, 498 F.3d 645, 650 (7th Cir. 2007). The "single claimant" exception exists when there is only a single claimant asserting its claim against the shipowner. In such cases, the Supreme Court has held that there is no need for the "peculiar and exclusive jurisdiction of an admiralty court," and the district court should allow the action to proceed in state court, while retaining exclusive jurisdiction over the question of liability limitation. *Langnes*, 282 U.S. at 541-42. The Supreme Court reasoned that for a district court to retain the suit when a state court could afford relief "would be to preserve the right of the shipowner, but to destroy the right of the suitor in the state court to a common law remedy; [whereas] to remit the cause to the state court would be to preserve the rights of both parties." *Illinois Marine*, 498 F.3d at 650 (citing *Langnes*, 282 U.S. at 541). The "adequate fund" exception applies when there are multiple claimants and the value of the vessel and its freight exceed the value of their combined claims against the vessel owner. *Lake Tankers*, 354 U.S. at 152. In such cases, the state court proceeding "could have no possible effect on the petitioner's claim for liability" and thus obviates the need for a Limitation Act proceeding. *Id.* at 153.

District courts have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001). "[W]here . . . the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion." *Id.*; *see*

*also Illinois Marine*, 498 F.3d at 650 ("district courts should have discretion to retain a limitation action or allow the case to proceed in state court"). "The 'savings to suitors' clause [in 28 U.S.C. § 1331(1)], as interpreted in *Lewis*, reserves for [petitioner] the right to pursue her claim in state court if the owner fails to prove its right to limited liability." *American River*, 579 F.3d at 825-26 (citing *In re McCarthy Brothers Co.*, 83 F.3d at 826-27).

Here, Grenier asks this court to abstain and allow him to file a state court action because he argues he is the only claimant asserting a claim against the limitation fund. Furthermore, Grenier asserts that he has made the requisite stipulations that are to accompany such a request for abstention, namely that Gillen Co. has the right to litigate the issue of limitation of liability in the concursus and Grenier waives any claim of res judicata regarding this issue. On the other hand, Gillen Co. contends that abstention is not appropriate because there are multiple competing claims that exceed the value of the limitation fund. Gillen Co. posits that Case, Grenier's employer, also filed a claim in the limitation action, seeking contribution and/or indemnity from Gillen Co. pursuant to applicable maritime law, for certain sums that Case might be obliged to pay Grenier in the separate action that Grenier filed on September 15, 2008, against Case. (Case Compl. ¶¶ 9, 10).[5]

---

[5]Furthermore, Gillen Co. notes that on October 19, 2010, Zurich American Insurance Company was granted leave to intervene and subsequently filed an intervening complaint against Gillen Co. for a worker's compensation lien interest in the amount of $175,608.38 pursuant to Wis. Stat. § 102.29. Gillen Co. contends that this is a third potential claim that must also be considered by the court in determining whether it is appropriate to dissolve the injunction.

In *In re Complaint of Holly Marine Towing, Inc.*, 270 F.3d 1086, 1090 (7th Cir. 2001), the Seventh Circuit confirmed that a contribution claim is a claim subject to limitation, and even the possibility of a future suit for contribution "creates a situation in which the shipowner confronts, and is entitled to relief from, a risk of multiple claims." Therefore, Case's claim – which is premised on its already-filed third party complaint against Gillen Co. for contribution and/or indemnity – constitutes a second claim against Gillen Co., making this a multiple claim limitation proceeding. Thus, unless the amount paid into court by Gillen Co. exceeds the claims against it, or if all the claimants stipulate that their claims will not subject Gillen Co. to liability beyond that amount, Gillen Co. is not fully protected and suits cannot be initiated in state court because they would endanger the interests that the Limitation Act seeks to protect. *Id.* (citing *Lewis*, 531 U.S. 438, 121 S.Ct. at 1002-04; *McCarthy Bros. Co./Clark Bridge,* 83 F.3d at 832; *Odeco Oil & Gas Co. v. Bonnette,* 74 F.3d 671, 675 (5th Cir. 1996); *Gorman v. Cerasia*, 2 F.3d 519, 525-26 (3d Cir.1993); *In re Dammers* 836 F.2d at 757-60).

Here, the amount paid into court by Gillen Co. – $75,000 – is exceeded by the claims against it. Furthermore, because of the absence of a stipulation from Case (or for that matter, from Zurich), Gillen Co. is not adequately protected, because Grenier's stipulations do not shield Gillen Co. from being held liable, in a suit for contribution by Case, in an amount greater than its stake in the suit. Not only has Case failed to sign the stipulation, but it has not even bothered to file a brief in this

matter and, therefore, its plans and intentions are unknown, making these circumstances even more troublesome. Accordingly, the court must deny Grenier's motion to dissolve the injunction.

Accordingly,

**IT IS ORDERED** that claimant and consolidated plaintiff Edward Grenier's Motion To Dissolve the Injunction and to Abstain Pending State Court Determination of Liability and Damages (Docket #97, Case No. 09-CV-114) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Grenier's Motion to Withdraw as Attorney (Docket #109, Case No. 09-CV-114) (Docket #48, Case No. 09-CV-115) be and the same is hereby **GRANTED**; Attorney Jonathan B. Piper may withdraw his appearance as counsel on behalf of Grenier.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge